UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONTE JONES, | ) |
|       Petitioner, | ) |
|       v. | )  No. 1:21-cv-02189-TWP-DML |
| WENDY KNIGHT, | ) |
|       Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Donte Jones filed a petition for a writ of habeas corpus challenging a Correctional Industrial Facility disciplinary proceeding identified as CIC 21-03-0074. For the reasons explained in this Order, Mr. Jones' habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On March 5, 2021, Investigator J. Stevens issued a Report of Conduct charging Mr. Jones with a violation of Code B 240/215 for conspiracy to commit theft of property. Dkt. 12-1. The Conduct Report states:

> On 3/5/2021 at approximately 12:00 PM I, Investigator. J. Stevens, conducted a camera review of the commissary area from 2/27/2021. During my review I observed Offender Donte Jones #211720 take an unknown item not belonging to him from the commissary closet. The closet in commissary is used to store items being sent back to ICI that are damaged or belonging to offenders who were transferred from CIF prior to commissary being disbursed. At approximately 12:18 PM Jones is observed entering the commissary closet after Offender Gregory Cole #854271 allowed him access. Jones is then observed taking an unknown item from the closet and concealing it in his hand in a way that impeded the view of the camera. Jones then enters the commissary bathroom with the item and is not observed with the item after exiting the bathroom area.

*Id*.

On March 11, 2021, Mr. Jones received notice of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 12-2. A hearing was held on March 22, 2021. Dkt. 12-5 at 1. During the hearing, Mr. Jones provided a written statement. *Id*. at 2-4. The disciplinary hearing officer ("DHO") submitted his Report of Disciplinary Hearing Video Evidence Review which notes that Mr. Jones is seen taking an item out of the the commissary room. Dkt. 12-6. The DHO found Mr. Jones guilty based on staff reports, Mr. Jones' statements, and video evidence. Dkt. 12-5 at 1. Mr. Jones received a loss of 60 days of earned credit time and a one credit class demotion. *Id*.

Mr. Jones appealed to the Facility Head, dkt. 12-8 at 1-5, and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, dkt. 12-9 at 1-5, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254., dkt. 1, for which Respondent provided a return, dkt. 12.

### III.  Analysis

Mr. Jones asserts three grounds to challenge his prison disciplinary conviction: (1) prison staff failed to adhere to prison policies when instituting disciplinary proceedings; (2) he was denied the opportunity to view the video evidence; and (3) there was insufficient evidence to find him guilty of the charged offense. Dkt. 1 at 3-5.

#### a.  Prison Policies

Mr. Jones alleges that various aspects of the disciplinary proceeding violated IDOC policies or prison procedures. *Id*. These are not grounds for habeas relief. *See, e.g.*, *Sandin v. Conner,* 515 U.S. 472, 481–82 (1995) (Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates."); *Estelle v. McGuire,* 502 U.S. 62, 68 at n. 2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). For this reason, the Court may not grant habeas relief based on any violation of IDOC or prison policies. *Lauderdale-El v. Smith*, No. 2-19-CV-00053-JPH-DLP, 2020 WL 5748131, at *2 (S.D. Ind. Sept. 25, 2020).

#### b.  Denial of Evidence

Mr. Jones also alleges he was improperly denied the opportunity to view the video evidence. Dkt. 1 at 5. Due process requires "prison officials to disclose all material exculpatory

3

evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (cleaned up). In the prison disciplinary context, "the purpose of [this] rule is to ensure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (cleaned up). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in-camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 681 F. App'x 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

In this case, Mr. Jones was given a copy of the Report of Disciplinary Hearing Video Evidence Review. Dkt. 12-6. In the report, the DHO noted that Mr. Jones was denied access to the video because it would "jeopardize safety and security of the facility." *Id*. Nevertheless, the Court reviewed the video evidence and finds that it is not exculpatory. Dkt. 16. Accordingly, Mr. Jones may not obtain relief on this basis.

### c. Sufficiency of the Evidence

Finally, Mr. Jones argues that there is insufficient evidence in the record to support his guilty determination. Dkt. 1 at 4. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. In assessing whether there is some evidence – any evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649,

4

652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

In this case, the Report of Conduct is sufficient evidence to support the charge. Dkt. 12-1. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). Moreover, the video evidence, dkt. 16, supports the Report of Conduct, dkt. 12-1, which states that Mr. Jones was seen removing an item from the Commissary without permission. As a result, Mr. Jones cannot obtain relief on this basis.

### IV. Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/14/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DONTE JONES, 211720
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Ian Devereux
INDIANA ATTORNEY GENERAL
ian.devereux@atg.in.gov

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov